IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



ADVANTAGE TRANSPORTATION, INC., §
§
    Plaintiff, §
§
VS. § NO. 4:08-CV-206-A
§
FREEWAYS EXPRESS, LLC, §
§
    Defendant. §

MEMORANDUM OPINION
and
ORDER

On October 21, 2008, plaintiff, Advantage Transportation, Inc. ("Advantage"), filed a motion for summary judgment in the above-captioned action. Defendant, Freeways Express, LLC ("Freeways"), did not file a response. Having considered the plaintiff's motion, the summary judgment evidence, and the applicable legal authorities, the court concludes that plaintiff's motion for summary judgment should be granted.

I.

Plaintiff's Claims

On March 27, 2008, plaintiff filed a complaint asserting a breach of contract claim and a claim under 49 U.S.C. § 14706.[1] The complaint alleges that Freeways is liable to Advantage for the cost of a lawnmower shipment that was stolen in transit.

II.

Facts

Because Freeways did not file a response, the court accepts

---

[1] Plaintiff's active pleading is a second amended complaint filed November 17, 2008.

as undisputed the facts set forth in support of plaintiff's motion for summary judgment. See Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

Advantage contracted with Freeways to transport and deliver fifty-one cartons of powered lawnmowers to MTD Products, Inc. ("MTD") in Garland, Texas. On September 14, 2006, Freeways picked up the lawnmowers from MTD's distribution center in Shelby, Ohio. Advantage issued a bill of lading for the shipment, and, with Advantage's consent, Freeways executed the bill of lading when Freeways picked up the lawnmowers. On September 16, 2006, Freeways's driver left the truck and trailer carrying the lawnmowers at a repair yard in Arlington, Texas. The trailer, containing the lawnmowers, was stolen from the repair yard. As a result, Freeways did not deliver the lawnmowers to MTD.

MTD submitted a claim to Advantage for the lawnmowers for the amount of $39,263.42, which Advantage paid. On October 6, 2006, Advantage filed an intent claim with Freeways to demand payment for the stolen lawnmowers. Freeways has not paid Advantage for the lost lawnmowers.

III.

Summary Judgment Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

2

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the nonmoving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

A motion for summary judgment cannot, of course, be granted simply because there is no opposition. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n. 3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when those facts establish a prima facie showing of entitlement to judgment. See Eversley, 843 F.2d at 174. Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do not constitute summary judgment evidence." Bookman v. Schubzda, 945 F.Supp. 999, 1002 (N.D.Tex. 1996) (citing Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 165 (5th Cir. 1991).

V.

Analysis

Plaintiff brings a breach of contract claim and a claim under the Carmack Amendment. The court need not evaluate plaintiff's breach of contract claim because it is preempted. See Moffit v. Bekins Van Lines Co., 6 F.3d 305, 307 (5th Cir.

3

1993).

The Carmack Amendment imposes liability on motor carriers and freight forwarders who cause loss or injury to property transported in interstate commerce. See 49 U.S.C. § 14706(a)(1). A shipper establishes a prima facie case of negligence under the Carmack Amendment by demonstrating (1) delivery of the goods to the carrier in good condition, (2) receipt by the consignee of damaged or lost goods, and (3) the amount of damages. See Man Roland, Inc. v. Kreitz Motor Express, Inc., 438 F.3d 476, 479 (5th Cir. 2006). A prima facie case creates a rebuttable presumption of negligence, which the carrier can overcome by showing that (1) it was free from negligence and (2) the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority. Id.

"[F]reight forwarders possess dual qualities: they have the quality of a common carrier in relation to their shippers, and the quality of a shipper in relation to the underlying carriers." N.Y. Foreign Freight Forwarders & Brokers Ass'n v. Interstate Commerce Comm'n, 589 F.2d 696, 700 (D.C. Cir. 1978). "A freight forwarder is both the receiving and delivering carrier." 49 U.S.C. § 14706(a)(2). The carrier who issues a bill of lading is entitled to recover from the carrier over whose line or route the loss occurred the amount required to be paid to the property owners. Id. § 14706(b). Evidence of this amount can be by "receipt, judgment, or transcript." Id.

The Carmack Amendment governs this action because the

4

lawnmowers were shipped through interstate commerce. Both parties agree that Advantage is a freight forwarder and Freeways is a motor carrier over whose line the loss occurred. Neither party disputes that Advantage issued a bill of lading that Freeways executed. Both parties agree that Freeways picked up the mowers on September 14, 2006, and lost the mowers on September 16, 2006, when they were stolen.[2] Advantage has provided a copy of the claims form submitted by MTD and the check tendered to MTD for $39,263.42 to cover the loss of the lawnmowers. Because defendant filed nothing in response, the court takes the amount of damages submitted by plaintiff as undisputed. See Eversley, 843 F.2d at 174.

The court finds that plaintiff has established a prima facie showing of its entitlement to judgment. See Id. Under the Carmack Amendment, Freeways, as the carrier over whose line the loss occurred, is liable for the amount Advantage paid to MTD, the owner of the lawnmowers. Neither party disputes that Freeways received the mowers and then subsequently lost them. Advantage has provided undisputed evidence that these damages amount to $39,263.42. Advantage has proven that, as a matter of law, it is entitled to damages of $39,263.42 from Freeways.

Plaintiff also seeks attorneys fees and interest. "[T]he liability of a carrier for damage to an interstate shipment is a

---

[2] That the mowers were stolen by a third-party does not relieve Freeways of liability. See Commodity Credit Corp. v. Norton, 167 F.2d 161, 164-65 (3rd Cir. 1948) ("the carrier is responsible without regard to the exercise of due care, even though the damage or loss be occasioned by the independent act of third persons.") (citing United States v. Morgan, 52 U.S. 154 (1850)).

5

matter of federal law controlled by federal statutes and decisions." Mo. Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137 (1964). Accordingly, plaintiff may only recover attorneys fees and interest if such relief is provided under the Carmack Amendment or federal law.

Attorney's fees authorized under state law are not available in actions under the Carmack Amendment. See Accura Sys., Inc. v. Watkins Motor Lines, Inc., 98 F.3d 874, 877 (5th Cir. 1996). There is no provision for attorney's fees under the Carmack Amendment that would otherwise grant recovery of attorney's fees. Thus, plaintiff is not entitled to attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) ("[E]ach party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary.").

As for plaintiff's request for interest, plaintiff is entitled to prejudgment interest and interest on the damages award. See La. & Ark. Ry. Co. v. Exp. Drum Co., Inc., 359 F.2d 311, 317 (5th Cir. 1966). Plaintiff, however, has provided the court with no proposed calculation of the amount of interest to which it is entitled. If plaintiff still wishes to recover interest, plaintiff should file a proposed calculation of the amount of interest, consistent with Louisiana & Arkansas Railway Company, 359 F.2d at 317, no later than December 4, 2008. The court will construe any failure to file the proposal as plaintiff abandoning its claim for interest.

VI.

## Order

For the reasons discussed above, the court concludes that plaintiff's motion for summary judgment should be granted.

Therefore,

The court ORDERS that plaintiff have and recover from defendant the sum of $39,263.42 for damages to plaintiff for the loss of MTD's tractors.

The court further ORDERS that, if plaintiff wishes to recover interest in the above-captioned action, it file a proposed calculation of interest by December 4, 2008.

SIGNED November 25, 2008.

JOHN McBRYDE
United States District Judge

7